IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MAMTA SHARMA,<br><br>    Defendant.<br>_____ | 2:12-cr-00027-GEB-2<br><br>RULING RE PARTIES' OBJECTIONS<br>TO PRESENTENCE REPORT |

Each party objects to certain portions of the Presentence Report ("PSR"). The Government filed an untimely objection to the second sentence of paragraph 9 of the PSR, arguing it is without factual support. The referenced sentence states:

> Later, to facilitate sham marriages so the Indian nationals could obtain permanent resident status in the United States, Sharma, and Rani Rachana Singh-Lal would agree to prepare petitions and applications falsely representing that various recruits had married or would marry Indian nationals.

The government states it "is unaware of evidence directly implicating Sharma or Singh-Lal in the actual preparation of petitions submitted to immigration authorities" and that "the phrase Sharma, and Rani Rachana Singh-Lal" in this sentence should be changed to "members of the conspiracy." (Gov't Sentencing Memo. ("Gov't Memo.") 2:7-10 (internal quotation marks omitted).) Defendant agreed with the government on this issue at the August 31, 2012 sentencing hearing, and each party agreed that no ruling concerning this objection is necessary

1

since I stated at the hearing that I would only consider the referenced sentence as the Government stated it should read.

Defendant Mamta Sharma ("Sharma") objects to Probation's finding in the PSR that recommends she receive a three-level sentence enhancement under Sentencing Guideline § 3B1.1(b) for her aggravating role as a "manager or supervisor" in the offense. (Def.'s Formal Objs. to Probation Rep. ("Def.'s Objs.") 2:3-5.) The basis for Probation's three-level sentence enhancement recommendation under § 3B1.1(b) is as follows: "defendant acted as a manager/supervisor and the criminal activity involved five or more participants. Sharma instructed and managed petitioners/recruits into entering into sham engagement." (PSR ¶ 29.) Sharma argues this characterization is based on "unfounded assumptions" and is "directly contradicted by the evidence." (Def.'s Objs. 3:1-2.) Sharma further argues "there is no evidence that she exercised any degree of control over another participant or that she recruited anyone." Id. at 3:24-26. Sharma filed the affidavit of Sippy Lal, her husband and co-defendant, in support of her objection. (Sippy Lal Aff., Ex. A. to Def.'s Objs.) Lal avers facts in the affidavit which contradict certain factual statements contained in the PSR concerning Sharma's involvement with other participants.

The Government counters that the enhancement applies, arguing "ample evidence [exists] in the record to support the finding that Sharma filled a managerial role." (Gov't Memo. 4:2-3.) The Government supports its argument relying on statements of multiple petitioners, which are recounted in the PSR, and the factual basis to Sharma's guilty plea (ECF No. 53, 11-12). Id. at 4:4-22. Sharma agreed that the factual basis was accurate when she entered her guilty plea, and she reaffirmed

her agreement with the factual basis during her interview with Probation. (PSR ¶ 24.)

U.S.S.G. § 3B1.1(b) provides, in relevant part: "If the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants . . . increase by 3 levels." "To sustain a finding that a defendant played an aggravated role under § 3B1.1, there must be evidence that the defendant exercised some control over others involved in commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." United States v. Riley, 335 F.3d 919, 929 (9th Cir. 2003)(citations, internal quotation marks and brackets omitted). "A court may impose this enhancement if there is evidence that the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." United States v. Whitney, 673 F.3d 965, 975 (9th Cir. 2012)(citations, internal quotation marks and brackets omitted). "The government must present evidence sufficient to support the upward adjustment by a preponderance of the evidence." United States v. Maldonado, 215 F.3d 1046, 1051 (9th Cir. 2000).

Sufficient evidence exists in the sentencing record to support, by a preponderance of the evidence, that Sharma occupied a managerial or supervisory role in the criminal activity. The relevant portion of Sharma's factual basis for her guilty plea states:

> Lal and Sharma sometimes traveled with and escorted the recruits to and from India. While there, Sharma dressed certain recruits in traditional Indian style, and provided guidance regarding appropriate behavior at Indian engagement and wedding ceremonies . . . . On at least one occasion, Lal and Sharma escorted a recruit and an Indian national to officials in the United States for the purpose of performing a sham marriage[.]

(ECF No. 53, at 11-12.) Further, the following portions of the PSR are uncontroverted, even though Sharma indicated she preserved an objection to the finding, since she failed to make specific informal and formal objections required by the objection procedure:

> 9. . . . Sharma . . . and other conspirators traveled with and escorted some of the recruits to and from India. Lal and Sharma would coach the recruits, telling them to take photographs with the Indian nationals in different clothing to give the impression that the marriages were legitimate. Sharma would coach them on the traditional Indian style of clothing, engagement, and wedding ceremonies.
>
> . . . .
>
> 18. In November 2008, a woman named Sarah agreed to participate in the scheme for monetary payment. . . . Sharma prepared Sarah for the engagement ceremony. . . .
>
> 19. In 2006, Appria traveled with Lal and Sharma and participated in a sham engagement. . . .

(PSR ¶¶ 9, 18, 19.) Local Rule 460(f) requires that Formal Objections be in the form of "a concise memorandum of all objections and facts in dispute[,]" which "specifically identify each item in the report which is challenged as inaccurate or untrue[.]" E.D. Cal. R. 460(f).

The referenced uncontroverted facts and the inferences that can reasonably drawn therefrom evince that the three-level enhancement under § 3B1.1(b) applies. See United States v. Koenig, 952 F.2d 267, 274 (9th Cir. 1991)(affirming application of § 3B1.1(b) enhancement, stating "[defendant's] notes also arguably indicate that he played some role in educating and directing the group"); United States v. Rivera, 527 F.3d 891, 909 (9th Cir. 2008)(indicating evidence that defendant "directed" other participants was sufficient to support application § 3B1.1(b) enhancement). Further, an evidentiary hearing is unnecessary since the

portions of the PSR which are controverted in Lal's affidavit were not considered in determining whether § 3B1.1(b) applies.

For the stated reasons, Sharma's objection to a three-level sentence enhancement under Sentencing Guideline § 3B1.1(b) is overruled.

Dated: August 31, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge